IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE M. ROWANN, | ) | |
| Petitioner | ) | C.A. 09-78 Erie |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| DISTRICT OF ERIE, et al., | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.     RECOMMENDATION

It is respectfully recommended that Respondents' motion to dismiss [Document # 28] be dismissed, that the Petition for Writ of Habeas Corpus be dismissed as untimely, and that a certificate of appealability be denied.

### II.    REPORT

#### A.    Relevant Procedural and Factual History

This is a petition for writ of habeas corpus filed by a state prisoner incarcerated at the State Correctional Institution at Smithfield in Huntingdon, Pennsylvania, where he is serving a sentence of 40 to 80 years of imprisonment.  The sentence was imposed by the Erie County Court of Common Pleas on December 12, 1991, after a jury convicted Petitioner of seven (7) counts each of burglary, theft by unlawful taking, and receiving stolen property, one (1) count of criminal attempt, and eight (8) counts of criminal conspiracy.  (See Document # 9, Exhibits A and B).  Petitioner's post-sentencing motion to modify the sentence was denied by the trial court on December 24, 1991. (Document # 29, State Court Records ("SCR"), at Exhibit 9).  A timely Notice of Appeal was thereafter filed on behalf of Petitioner on January 7, 1992. (SCR at Exhibit 10).  On November 10, 1992, the Pennsylvania Superior Court affirmed the trial court's judgment of sentence, and no further appeal was sought. (SCR at Exhibit 17).

On May 20, 1993, Petitioner filed his first petition under the Post-Conviction Collateral

Relief Act ("PCRA petition"), which was denied by the PCRA court without a hearing on December 8, 1993. (SCR at Exhibit 20). Plaintiff filed a timely appeal of this denial to the Pennsylvania Superior Court, which affirmed the PCRA court on or about May 31, 1995. See Commonwealth v. Rowann, 664 A.2d 1059 (Pa.Super. 1995)(unpublished memorandum).

A second PCRA petition was filed by Petitioner on October 29, 1996, which was denied. (SCR at Exhibit 23). Petitioner appealed this denial *pro se*, but subsequently withdrew the appeal on May 8, 1997. Petitioner later filed a third PCRA petition, which was dismissed as untimely on March 6, 1998. (SCR at Exhibit 31). This dismissal was affirmed by the Superior Court on March 23, 1999 (SCR at Exhibit 34), and the Supreme Court denied allowance of appeal on October 28, 1999. (SCR at Exhibit 33).

Petitioner subsequently filed a fourth PCRA petition on November 14, 2003, which was denied without a hearing on November 17, 2003. (SCR at Exhibits 35-36). Petitioner then filed three motions collaterally attacking his judgment of sentence, which were denied by the PCRA court on December 23, 2003. (SCR at Exhibits 38-41). On appeal, the Superior Court considered these three motions collectively as Petitioner's fifth PCRA petition, and affirmed the PCRA court's denial on August 30, 2004. (SCR at Exhibit 47). A sixth PCRA petition was then filed by Petitioner on October 18, 2004, which was dismissed as untimely on October 20, 2004. (SCR at Exhibit 50). This dismissal was affirmed by the Superior Court on June 10, 2005.

On or about September 1, 2006, Petitioner filed another motion collaterally attacking his sentence, which the trial court denied on September 14, 2006, as an attempt to file a seventh PCRA petition. (SCR at Exhibits 51-52).

The instant Petition was filed by Petitioner on March 2, 2009. In general, Petitioner claims that his current sentence of 40-80 years of imprisonment violates his due process and equal protection rights under the fourteenth amendment to the United States Constitution. (See Petition at ¶¶ 9, 14, 15, 17-20). Instead of responding to the particular claims raised by Petitioner, Respondents, through the Erie County District Attorney's Office, have filed a motion to dismiss declaring that "the Commonwealth is completely unable to discern the basis for Petitioner filing this Petition," and is "not even able to determine what grounds Petitioner [is]

basing the requested relief on...." (Document # 28, Motion to Dismiss, at ¶¶ 3-4). As a result, Respondents "urge" this Court "to find that the instant Petition is ... patently frivolous and due to its lack of specificity, vagueness, and incomprehensible nature, also an abuse of the federal judicial system." (Id. at ¶ 6). In addition, Respondents question whether the Petition was timely filed. Petitioner has since filed a response to Respondents' motion, and this matter is now ripe for consideration.

### B. Discussion

Initially, the Court feels compelled to express its puzzlement and utter dismay over the Assistant District Attorney's professed inability to comprehend Petitioner's claims. It is readily apparent from the face of the Petition that Petitioner is challenging the legality of the judgment of sentence that was imposed by Erie County Common Pleas Judge Michael T. Joyce on December 12, 1991. (See Petition at ¶ 8). Thus, Respondents' motion to have the instant Petition dismissed based upon its alleged "lack of specificity, vagueness, and incomprehensible nature" is wholly without merit and must be denied.

Nonetheless, based upon the procedural history of Petitioner's conviction and sentence, it is clear that the instant habeas petition has been filed well beyond the expiration of the applicable one-year statute of limitations.[1] The relevant statute reads:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an

---

[1] With regard to the timeliness issue, the Assistant District Attorney again professes confusion, stating that "[b]ased on the complexity of the procedural history of this case, combined with the fact that Petitioner appears to have filed appeals on several dockets at the same time over the years, it was difficult for Respondent to determine exactly when Petitioner's conviction became final." The Court finds this statement astonishing, as the procedural history of Petitioner's conviction is easily ascertainable from the state court records filed in this case.

> application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

In analyzing whether a petition for writ of habeas corpus has been timely filed under §2244(d), a federal court must undertake a three-part inquiry. First, the court must determine the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section §2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to §2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, the record reflects that Petitioner's judgment of sentence became final on or about December 10, 1992, upon expiration of the time for filing a petition for allowance of appeal to the Pennsylvania Supreme Court, following the Superior Court's judgment of November 10, 1992, on direct appeal. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000)(noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court).

Petitioner's federal habeas petition was not received in this Court until March 2, 2009, over sixteen years after the judgment of sentence became final. The Court acknowledges that

4

the limitations period was tolled during the pendency of Petitioner's first PCRA petition, which was filed on May 20, 1993, and was finally decided after appeal to the Superior Court on May 31, 1995.  However, this tolling period merely extended the expiration of the one-year limitations period by two years, from December 10, 1993 to approximately December 21, 1995.  Petitioner's second PCRA petition was not filed until October 29, 1996, well after the one-year statute had already expired.[2]

Furthermore, nothing in the record indicates that Petitioner is entitled to take advantage of any of the exceptions to the one-year limitations period.  Specifically, he has failed to show (i) that there was any State-created impediment to filing a timely habeas petition; (ii) that his claims are based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (iii) that his claims are based on a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. §2254(d)(1)(B-D).  Moreover, there is no indication that the doctrine of equitable tolling should be applied here.[3]

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Respondents' motion to dismiss [Document # 28] be dismissed, that the petition for writ of habeas corpus be dismissed as untimely, and that a certificate of appealability be denied.

---

[2] In any event, Petitioner's second and subsequent PCRA petitions were all dismissed as untimely and, thus, were not "properly filed" under 28 U.S.C. § 2244(d)(2).

[3] The one-year limitation in §2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims.  Mere excusable neglect is not sufficient." Id. at 618-19 (internal citations, quotations, and punctuation omitted).  A review of the record does not disclose any extraordinary circumstances beyond Petitioner's control that account for his failure to have filed his habeas petition in a timely manner.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of some appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: February 24, 2010

cc:   The Honorable Sean J. McLaughlin
      United States District Judge