IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE M. ROWANN, | ) |
| Petitioner, | ) |
| | ) Civil Action No. 09-78 Erie |
| v. | ) |
| DISTRICT OF ERIE, *et al.*, | ) |
| Respondents. | ) |

**<u>MEMORANDUM ORDER</u>**

      This action was commenced on March 2, 2009 when Petitioner George M. Rowann, a prisoner at SCI-Smithfield in Huntingdon, Pennsylvania, filed a document styled "Petition for a Writ of Mandamus (In Association with a Writ of Habeas Corpus)" [1] in the United States District Court for the Middle District of Pennsylvania.  In this action, Rowann is challenging his convictions in the Court of Common Pleas for Erie County on multiple charges of burglary and related offenses.  He is also challenging the legality of his resulting state sentence.  Finally, he is challenging the dismissal of a prior civil rights lawsuit which he filed in this Court in 2007 relative to his county convictions and sentence.  Given the nature of Rowann's claims, the District Court for the Middle District of Pennsylvania interpreted the instant action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and transferred venue to this Court [6] [7].

      The petition was received by the Clerk of Court for this judicial district on April 9, 2009 and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.  The Magistrate Judge's Report and Recommendation, filed on February 24, 2010 [36], recommends that:  (i) the Respondents' motion to dismiss the petition [28] be denied, (ii) the case be dismissed as untimely, and (iii) a certificate of appealability be denied.

The parties were allowed ten (10) days from the date of service in which to file objections. Service was made on Rowann by certified mail at SCI-Smithfield, where he is incarcerated, and on the Respondents. Objections were filed by Rowann on August 15, 2010 [37]. For the reasons state below, this Court finds Rowann's objections to be without merit.

A.

Rowann's action is partly styled as a petition for writ of mandamus. The named Respondent is the "District of Erie," although the docket sheet reflects that the Erie County District Attorney's Office has made an appearance to defend the case.

In his petition for mandamus/ habeas action, Rowann requests, among other things a "Declaratory judgement [sic], that the respondents and their agents have violated petitioner's constitutional rights, by a [sic] illegal sentence that was meted-out inconsistent with state and federal sentencing codes, contrary to the fundamental norms underlying the sentencing process; therefore, placing petitioner in a separate class with no adequate explanation to arbitration." (Pet. for Mandamus [1] at p. 2.) He also requests a "preventive injunction" that the Respondent "cease and restrain their discriminatory practices against petitioner." (*Id*. at p. 7.)

Pursuant to 28 U.S.C. § 1361, "[t]he district courts ... have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Authority to issue a writ of mandamus is bestowed by the All Writs Act, 28 U.S.C. § 1651(a). *See Mitchell v. United States*, 419 F. Supp. 2d 709, 712 (W.D. Pa. 2005).

Mandamus is a "drastic remedy that 'is seldom issued and [ ] is discouraged.'" *In re Patenaude*, 210 F.3d 135, 140 (3d Cir. 2000). The Supreme Court has said that "[t]he extraordinary remedy of mandamus ... will issue only to compel the performance of a 'clear nondiscretionary duty.'" *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) (citation omitted). To obtain such relief, "[t]he Petitioner must show that he has no other adequate means to attain the relief he desires and that he has a clear and

indisputable right to the writ." *Mitchell v. United States*, 419 F. Supp. 2d at 712 (*citing Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 482 (3d Cir. 1995)). *See also Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 309 (1989) (Petitioners seeking a writ of mandamus "carry the burden of showing that their right to issuance of the writ is 'clear and indisputable.'") (citation omitted). Furthermore, even if such a showing is made, it is still within the district court's discretion to determine whether to issue the writ. *See Mitchell, supra* at 712 (*citing Glenmede*, 56 F.3d at 482). Finally, federal courts have no authority to issue a writ of mandamus to state officers or private citizens. *See, e.g., In re Razzoli*, No. 05-3797, 161 Fed. Appx. 203 (3d Cir. Jan. 3, 2006) (holding that inmate's request for court order directing his release from prison was not available via a writ of mandamus and that such relief as available by filing a petition for writ of habeas corpus); *U.S. ex rel. Chapman v. Supreme Court of Pa.*, 151 F. Supp. 681, 682 (W.D. Pa.1957) (federal court is without authority to issue writ of mandamus against state officers in exercise of their discretionary duties).

Rowann's prayer for a writ of mandamus in this case is misplaced on all fronts. First, he has failed to carry his burden of demonstrating that his right to the writ is "clear and indisputable." *Mallard, supra*, 490 U.S. at 309. Nor is Plaintiff seeking to compel the performance of a "clear, nondiscretionary duty." *Pittston Coal Group*, 488 U.S. at 121. On the contrary, Petitioner's entitlement to relief here on the merits of his claims is dubious at best. Moreover, Petitioner has other adequate means besides mandamus to address the alleged illegality of his underlying convictions and sentences – namely potential habeas relief under 28 U.S.C. § 2254. Finally, this Court has no authority to issue writs of mandamus against county or state officers. Thus, because Petitioner has failed to make the requisite showing to entitlement to mandamus relief, his petition will be denied.

B.

Both the U.S. District Court for the Middle District of Pennsylvania and Magistrate Judge Baxter correctly construed Rowann's claims as seeking habeas corpus relief under 28 U.S.C. § 2254. (*See* Report and Recommendation dated 3/10/09 [6] at pp. 1-3; Order of 4/7/09 [7]; Report and Recommendation dated 2/24/10 [36].) Although Rowann insists that he is pursuing habeas relief under 28 U.S.C. § 2241, this theory is untenable.

Section 2254 confers jurisdiction on a federal court to entertain writs of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254. A state prisoner who is challenging the validity or execution of his state court sentence must proceed under 28 U.S.C. § 2254 rather than § 2241. *See Washington v. Sobina,* 509 F.3d 613, 618 n.5 (3d Cir 2007); *Coady v. Vaughn*, 251 F.3d 480, 484-85 (3d Cir.2001). Thus, to the extent Petitioner is attempting to prosecute his claims under § 2241, he is not entitled to do so. *See Frankenberry v. Court of Common Pleas of Fayette County, PA,* No. 09-4417, 2010 WL 528422 at *3 (3d Cir. Feb. 16, 2010) (Slip Copy) (petitioners who attempt to challenge the validity or execution of their state sentences cannot proceed under 28 U.S.C. § 2241 but are required to proceed under § 2254).

Having thus properly construed Rowann's action as a petitioner for habeas corpus relief under § 2254, the Magistrate Judge made a *sua sponte* determination that the petition is time-barred under the applicable one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1).[1] That statute provides, in relevant part:

---

[1] While a District Court possesses the authority to consider AEDPA's statute of limitations *sua sponte*, a habeas petitioner must first be afforded fair notice and an opportunity to be heard on the issue of timeliness and equitable tolling. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006); *United States v. Bendolph*, 409 F.3d 155, 168 (3d Cir.2005) (en banc). Where the Magistrate Judge raises the statute-of-limitations issue *sua sponte* in her Report and Recommendation, fair notice is provided

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).

Rowann was sentenced by the Erie County Court of Common Pleas on December 12, 1991 to serve a term of imprisonment of 40 to 80 years. The Magistrate Judge determined that Rowann's judgment of sentence became final on or about December 10, 1992, upon expiration of the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court, following the Superior Court's judgment of November 10, 1992 on direct appeal.[2] *See Swartz v. Meyer*, 204 F.3d 417, 419 (3d

---

by mailing the petitioner a copy of the report and giving him an opportunity to file objections or otherwise respond. *See Nixon v. Beard*, No. 09-3721, 2010 WL 165137 at *1 (3d Cir. Jan. 19, 2010) (slip copy). Here, Petitioner has been given an opportunity to respond to the timeliness issue and has in fact submitted objections, which we address *infra*.

[2] In a memorandum opinion filed March 23, 1999 in connection with Rowann's third PCRA petition, the Pennsylvania Superior Court stated that "our Court affirmed Rowann's judgment of sentence on December 17, 1992. ... Rowann's judgment of

Cir. 2000) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review). Using that starting point, the Magistrate Judge then determined that the instant § 2254 petition was not timely under § 2244(d).

Although I calculate the relevant time periods slightly differently, I agree with the Magistrate Judge's conclusion that the instant petition is time-barred. Because Rowann's conviction became "final" prior to the effective date of the AEDPA (April 23, 1996), he needed to file his § 2254 petition within a year of that date, less the time that any properly filed collateral petition was pending in state court. *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir.2003). Since the instant petition was not filed within that time frame, we must consider whether Rowann submitted a "properly filed" PCRA application during the relevant period (from April 23, 1996 to April 23, 1997) for purposes of extending the one-year limitations period of § 2244(d).

The record shows that Rowann did file a second PCRA motion on October 29, 1996, but that petition was dismissed without a hearing and Rowann's appeal relative to that PCRA motion was withdrawn on May 8, 1997. Even if we were to assume that this second PCRA motion was a "properly filed application" within the meaning of § 2244(d)(2),[3] however, this does not help Rowann's case. The one-year statute of

---

sentence became final on January 16, 1993, after the time period expired for filing ... a petition [for allowance of appeal to the Supreme Court of Pennsylvania]." (*See Mem. Op.* dated 3/23/99 at p. 4 (State Court Record at Doc. # 34).) For present purposes, this discrepancy is not material.

[3] The Magistrate Judge considered Rowann's second PCRA motion as untimely (*see* R&R [36] at p. 5 n. 2), and this is likely correct, given the fact that it was filed more than one year after Rowann's judgment of sentence became final. *See* 42 Pa. C.S.A. § 9545(b)(1) (PCRA motions must generally be filed within one year of the date upon which the underlying judgment of sentence becomes final). *See also Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000) (timeliness of a PCRA petition is a jurisdictional requisite). Nevertheless, there is nothing in the record to suggest that the motion was dismissed by the state trial court on the basis of being untimely. For present purposes and out of an abundance of caution, we will simply assume only for the sake of argument that Rowann's second PCRA could have been considered "properly filed" within the meaning of § 2244(d)(2).

limitations on Rowann's present § 2254 petition would have begun to run, at the very latest, as of May 9, 1997 (the day after his second PCRA proceedings terminated) and would have expired on May 8, 1998, absent further tolling.  No such tolling occurred, however, as it is clear from the state court docket that Rowann's third PCRA motion (filed on March 4, 1998) was dismissed as untimely and that determination was upheld on appeal.  (*See* State Court Record at Documents # 31, p. 2 and # 34.)  Because this third PCRA motion was clearly untimely, it was not "properly filed" and thus did not serve to toll the running of the statute of limitations under § 2244(d)(2).  *See Pace v. DiGuglielmo,* 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under [28 U.S.C.] § 2244(d)(2).");  *Fountain v. Kyler*, 420 F.3d 267, 272 n.3 (3d Cir. 2005).  Accordingly, Rowann's one-year period for filing a federal § 2254 petition expired no later than May 8, 1998, nearly eleven (11) years prior to the filing of this action.

   This does not end our inquiry, however, because, there are additional statutory exceptions to the one-year limitations period, as set forth in § 2244(d)(1)(B)-(D).  The Magistrate Judge found no basis to apply any of these exceptions, as she found no evidence (i) that there was any State-created impediment to filing a timely habeas petition; (ii) that Rowann's claims are based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (iii) that his claims are based on a factual predicate that could not have been discovered through the exercise of diligence.  *See* § 2244(d)(1)(B)-(D).

   Having now reviewed Rowann's objections to the Report and Recommendation as well as his other filings, I agree with the Magistrate Judge that the record fails to support application of any of the statutory exceptions set forth in § 2244(d)(1)(B)-(D). The record shows that Rowann was charged, at several different criminal dockets, with multiple counts of burglary and related offenses.  Ultimately, he was convicted of 7 counts of burglary, 7 counts of theft by unlawful taking, 7 counts of receiving stolen

Page 7 of  13

property, 1 count of criminal attempt and 8 counts of criminal conspiracy.  On December 12, 1991 he was sentenced by a county judge to a term of imprisonment of 40 to 80 years.

     Rowann's major claim in his objections is that the Court of Common Pleas "prevented stubbornly to release Notes of Testimony or Transcripts" from his trials and sentencing and that, even today, he has received only partial transcripts.  (Petitioner's Objections to R&R [37] at p. 1; *see id.* at pp. 1-2.)  Rowann's previously filed "Motion for Transcripts" [4] confirms that he sought to obtain the transcripts of his prior trials which he believed to contain "exculpatory evidence."  (Mot. for Transcripts [4].)  According to Rowann, his various criminal dockets were resolved in three separate trials during each of which his co-Defendant, Wesley Urch, testified against him.  He claims to have suffered a "collateral estopple" [sic], explaining that, "at [the] first trial, ... [the] jury did <u>not</u> believe Mr. Urch (Trial Docket Number :  2972 of 1990)," yet at "the next two trials (Being:  <u>969 of 1991</u>; and <u>1188 & 1189 of 1991</u>), [the] Commonwealth illegally used Wesly Urch's testimony, until, [sic] Commonwealth received conviction, where movant receive a [sic] illegally obtained sentence of 40-to-80 years, incarceration."  (*Id*.)  Similar allegations are set forth in Rowann's petition for writ of mandamus/ habeas corpus.  (*See* Pet. for Writ of Mandamus [1] at pp. 2-3, ¶¶ 7-8.)  These allegations fail to save Rowann's habeas claims from dismissal.

     First, Rowann's claim about the existence of "exculpatory evidence" is belied by his own allegations.  Rowann seems to be operating under the misunderstanding that, if he was acquitted in the first trial in which his co-defendant testified against him, then somehow collateral estoppel operated to prevent the Commonwealth from prosecuting him on separate charges in subsequent trials, using the same witness.  Contrary to Rowann's understanding, the acquittal he reportedly won at Docket No. 2972 of 1990 did not constitute a binding judicial determination that Mr. Urch was an incompetent or non-credible witness relative to the testimony he would later provide concerning different criminal charges at other criminal dockets.  Even if Rowann had had access to

the transcripts in question, they could never have borne out his underlying theory that the Commonwealth was somehow collaterally estopped from trying him at Dockets 969 of 1991 and 1188/1189 of 1991. It follows that the sentence he received at those dockets was not rendered illegal by virtue of the "collateral estoppel" issue.

Second (and perhaps more to the point), it is apparent in light of Rowann's theory about the allegedly unlawful use of Mr. Urch's testimony that Rowann did not require the actual transcripts in order to state the basis of his claim. Thus, his delay in receiving the transcripts did not toll the one-year statute of limitations under § 2244(d)(1)(D), as the factual predicate of his claim was known to him or should have been discoverable in a timely fashion even without the transcripts. For the same reason, the County Court's alleged refusal to supply Rowann with the requested transcripts did not constitute an "impediment" to his filing a **timely** § 2254 petition for purposes of § 2244(d)(1)(B).

Elsewhere in the record (not in his objections), Rowann sought permission to "Annex Newly Discovered Evidence to Writ of Habeas Corpus" [9]. That "newly discovered evidence" which Rowann sought to use in support of his habeas petition is the discovery that his sentencing judge, Michael T. Joyce, was recently himself convicted for insurance fraud and given a federal sentence. However, this evidence, which concerns criminal proceedings stemming from a 2007 indictment, has nothing whatever to do with Rowann's 1991 sentencing at the hands of former Judge Joyce. Evidence pertaining to Joyce's federal conviction on a completely unrelated matter could have no legal bearing whatsoever on Rowann's claims in this civil action.

Rowann also attempts to argue that the one-year statute of limitations set forth in § 2244 has no relevance to a § 2241 petition. As I have already explained, however, the Magistrate Judge properly treated this action as a petition under § 2254, and Rowann cannot attempt to circumvent the applicable statute of limitations by attempting to invoke § 2241. *See Medberry v. Crosby,* 351 F.3d 1049, 1060-61 (11th Cir.2003) (state prisoner cannot avoid restrictions on § 2254 petitions "simply by writing '§ 2241'

on his petition for federal post-conviction relief"); *Richardson v. Wilson*, Civil Action No. 06-464, 2006 WL 3484294 at *1 (E.D. Pa. Nov. 30, 2006) ("A petitioner may not evade the procedural restrictions Congress has placed on petitions under Section 2254 by instead filing his claim under 28 U.S.C. § 2241") (*citing Coady v. Vaughn*, 251 F.3d 480, 484-86 (3d Cir.2001)).

Rowann's remaining objections are unpersuasive. He asserts, vaguely, that "if the Honorable Court does [ ] wish too [sic] gaze [ ] into the state record [ ] in this specified direction, [we] would undoubtably find the presence of ... 'large quantities[ ]' of very 'unusual obstacles which Petitioner had to confront..." (Petitioner's Objections [37] at p. 3.) However, it is not this Court's job to mine the record in search of possible exceptions to Section 2244(d)'s one-year statute of limitations. On the contrary, as one court has persuasively noted, "it is appropriate, where, as here, the habeas petitioner has been put on notice of a statute of limitations issue, to place some burden on the habeas petitioner to show why some date other than the date of the conviction becoming final should be used to calculate the running of the statute of limitations." *Griffin-El v. Diguglielmo*, Civil Action No. 08-1018, 2009 WL 4348837 at *8 (W.D. Pa. Dec. 1, 2009) (citation omitted). *See also Daniel v. Wynder*, Civil Action No. 07-1117, 2009 WL 161668 at *5 (W.D. Pa. Jan. 22, 2009) (same); *Truxal v. District Attorney of Westmoreland County*, No. 208-cv-00934, 2010 WL 411766 at *4 (W.D. Pa. Jan. 28, 2010) ("once a habeas petitioner has been put on notice of the affirmative defense of AEDPA's statute of limitations, the petitioner bears the burden of producing some evidence and/or persuading the court as to why the date for the start of AEDPA's limitations period is other than the date the conviction became final or producing some evidence and/or persuading the court as to why the statute of limitations has not run.").

Rowann complains that he has never received the full transcripts from his sentencing hearings, despite the fact that the Magistrate Judge apparently promised him a copy in a text order dated June 29, 2009. His habeas petition suggests he is claiming to have been arbitrarily singled out in violation of his equal protection rights

and given a sentence much harsher than the one his co-Defendant received. However, Rowann's allegations demonstrate that he did not require the actual transcripts in order to articulate the basic theory of this equal protection claim, and his objections fail to state any reason why he could not have filed a timely habeas petition in their absence. The mere lack of transcripts, in itself, is insufficient to establish an exception to AEDPA's one-year limitations period. *See Logan v. Hall*, No. 207 Fed. Appx. 872, 874, 2006 WL 3373144 at *2 (9th Cir. Nov. 21, 2006) (AEDPA's one-year period of limitations for filing a federal habeas petition was not statutorily tolled for period in which state court did not provide petitioner with a transcript of voir dire; court noted that "[n]either the Constitution nor federal law requires a state to provide a petitioner on collateral review with free transcripts, absent a showing of why the transcripts are necessary for the preparation of the petition.") (citing *United States v. MacCollom*, 426 U.S. 317, 324-26 (1976) (plurality opinion). Despite all this, and out of an abundance of caution, this Court has undertaken a review of the sentencing transcripts in its possession,[4] and it finds nothing therein which supports the conclusion that Rowann's lack of the transcripts materially interfered with his ability to file a timely habeas corpus petition.[5]

Rowann also avers that the Court's treatment of his civil rights case filed in 2007 evidenced "an intolerable abuse of favouritism" [sic] on the part of the Magistrate Judge in favor of the City and County of Erie, who were the named defendants. (Petitioner's Objections [37] at p. 3.) *See Rowann v. City of Erie, Pennsylvania, et al.*, 1:07-cv-304-MBC-SPB (W.D. Pa.). He further complains that he has never received an evidentiary hearing during the course of his various appeals and collateral proceedings. These allegations fail to provide a basis for applying any of the exceptions to AEDPA's one-

---

[4] The sentencing transcripts that have been provided to this Court as part of the state court record pertain to criminal dockets 2972 of 1990 and 1188 & 1189 of 1991.

[5] Because he alleges that he never received copies of these transcripts, however, the Court will provide copies of them to Rowann along with this Memorandum Order.

year statute of limitations period.  Accordingly, I agree with the Magistrate Judge's conclusion that the instant civil action is untimely.

The only remaining possibility is equitable tolling.  *See Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616, 618 (3d Cir.1998) (equitable tolling can apply to AEDPA's statute of limitations where "'principles of equity would make the rigid application of a limitation period unfair.'") (citation omitted).  Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  *Pace, supra*, at 418 (*citing Irwin v. Department of Veteran Affairs*, 498 U.S. 89, 96 (1990)).  Thus, in order "[t]o establish the extraordinary circumstances necessary to equitably toll the AEDPA's statute of limitations, a habeas petitioner must prove that the cause of his delay was both beyond his control and unavoidable even with diligence." *Daniel v. Wynder*, *supra*, at *6 (*quoting Simmons v. Yukins*, No. Civ. 01-CV-71287-DT, 2001 WL 739505, at *2 (E.D.Mich. May 9, 2001)).  The Third Circuit has advised that equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999) (citation omitted). Having reviewed Rowann's objections and other filings herein, as well as substantial portions of the accompanying state court record, I find no basis to apply the doctrine of equitable tolling.

Accordingly, after de novo review of the petition and documents in the case, together with the Report and Recommendation and objections thereto, the following order is entered:

AND NOW, this 22nd day of March, 2010;

IT IS HEREBY ORDERED that the Respondents' motion to dismiss [28] be, and hereby is, DENIED.

IT IS FURTHER ORDERED that the instant Petition for Writ of Mandamus be, and hereby is, DENIED.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be, and hereby is, DISMISSED as untimely.

Inasmuch as the Petitioner has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and, since jurists of reason would not find debatable my conclusion that the instant habeas petition is time-barred, *see Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), IT IS FURTHER ORDERED that no certificate of appealability shall issue.

The Report and Recommendation of Magistrate Judge Baxter, dated February 24, 2010 [36], as modified herein, is adopted as the opinion of the Court.

                              s/ Sean J. McLaughlin
                              Sean J. McLaughlin
                              United States District Judge

cm:   All parties of record.
       U.S. Magistrate Judge Susan Paradise Baxter