**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GEORGE M. ROWANN,              )<br>            )<br>     Petitioner,         )<br>            )<br>     v.          )<br>            )<br>DISTRICT OF ERIE, *et al.*,        )<br>            )<br>     Respondents.        ) | Civil Action No. 09-78 Erie |

**MEMORANDUM ORDER**

Following this Court's Memorandum Order of March 22, 2010 [38], dismissing the instant habeas petition as untimely, Petitioner filed a document styled "Post-Judgement [sic] Motions to Amend and Make Additional Findings of Judgement [sic] Notwithstanding the Verdict Under Fed. R. of Civil P. 52(b) and 59" [39]. In his motion, Petitioner asserts various errors by the Court and seeks reconsideration of my March 22, 2010 ruling.

Reconsideration is generally appropriate only where the movant can demonstrate "extraordinary circumstances," as where, *e.g.,* (1) there has been an intervening change in controlling law, (2) new evidence has been discovered, or (3) reconsideration is necessary to prevent clear error or manifest injustice. *See Walsh v. Quinn*, 327 Fed. Appx. 353, 356, 2009 WL 1241624 at **3 (3d Cir. May 7, 2009) (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999)); *American Civil Liberties Union v. Mukasey*, 534 F.3d 181, 188 (3d Cir. 2008). Upon review of the Petitioner's motion, I find no basis to conclude that reconsideration is warranted.

Petitioner's first point is that this Court misconstrued his petition for writ of mandamus against the "District of Erie" by assuming the named respondent was intended to be the County of Erie when, in fact, the intended respondent was this Court. Such an interpretation is not at all self-evident from a review of the mandamus petition, which: (a) contends, in essence, that the Petitioner's rights have been violated by the

imposition of an allegedly illegal state sentence, and (b) seeks, among other things, an injunction "against the District hereto known as Erie, Pa., the respondents and their agents to cease and restrain it's [sic] arbitrary and illegal practices against the petitioner ..." . (Pet. for Writ of Mandamus [1] at ¶ 6.)  Since Petitioner was convicted and sentenced in the Erie County Court of Common Pleas on state charges, and since he is essentially attacking his conviction and sentence as being unlawful and in violation of his state and federal rights, it was certainly logical to construe the designated respondent, *to wit*, the "District of Erie, Pa." as signifying the convicting and sentencing authorities.

      Be that as it may, however, to the extent Petitioner intended to seek mandamus relief against this Court, his remedy was to request such relief in the U.S. Court of Appeals for the Third Circuit, which has jurisdiction pursuant to the All Writs Act to "issue all writs necessary or appropriate in aid of [its] respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651.  *See In re Virginia Electric and Power Co.*, 539 F.2d 357, 365 (4th Cir. 1976) (discussing the authority of federal appellate courts, under the All Writs Statute, to issue writs of mandamus to lower courts within their circuits as "an appropriate remedy in the supervision of district courts by the various courts of appeals").  Petitioner's failure to pursue the appropriate remedy from the Third Circuit Court of Appeals provides no basis for this Court to reconsider its denial of mandamus relief, especially given the ambiguous nature of the allegations which Petitioner offered in support of his mandamus petition.  Nor would it have been appropriate (contrary to Petitioner's suggestion) to transfer venue of the matter back to the U.S. District Court for the Middle District of Pennsylvania, from whence this case originated; that Court would not have had jurisdiction to enter a writ of mandamus against this Court and, since all of the records pertaining to Petitioner's conviction and sentence are located within this judicial district, venue properly lies here.

      Petitioner next takes exception to the fact that this Court construed as an appeal (and denied) certain objections which he filed at an earlier point in the case.  Petitioner

is referring to a ruling I entered on October 9, 2009 [32] relative to two documents Petitioner had filed ([26] and [27]) stating objections to the Magistrate Judge's July 20, 2009 Text Order, which had denied Petitioner's motion for a permanent discharge [25]. Petitioner suggests that, in misconstruing his objections as an appeal, this Court was acting outside its jurisdictional powers, thereby making mandamus relief appropriate.

The argument is flawed on numerous bases. First, the Court's actions were consistent with the provisions of 28 U.S.C. § 636(b)(1)(A), pursuant to which this Court regularly delegates to the Magistrate Judge authority to make non-dispositive pretrial rulings in civil matters. Such rulings generally come before this Court for review by way "appeals."[1] Second, Petitioner does not state how he was harmed by this Court's recharacterization of his objections as an appeal; it is clear that his arguments were given consideration but rejected. More fundamentally, however, this whole line argument fails to establish any basis for reconsideration of my prior mandamus ruling. For the reasons previously stated, Petitioner failed to follow the appropriate procedural mechanisms to the extent he sought to obtain mandamus relief against this Court. To the extent his ambiguous mandamus petition could reasonably be construed as seeking relief against the County of Erie, or those county agents involved in his prosecution and sentencing, this Court's ruling denying such relief stands for the reasons stated in my March 22, 2010 Memorandum Order [38].

Petitioner's remaining points for reconsideration are merely a rehash of his original arguments which were fully considered but rejected in my prior March 22, 2010 ruling. As no basis has been presented to warrant reconsideration of that ruling, the following order is entered:

---

[1] Such non-dispositive rulings are to be distinguished from dispositive matters, which typically come before this Court by way of the Magistrate Judge's Report and Recommendation, along with any objections thereto which have been filed by the parties.

AND NOW, *to wit*, this 8th day of April, 2010, upon consideration of the Petitioner's "Post Judgement [sic] Motions to Amend and Make Additional Findings of Judgement [sic] Notwithstanding the Verdict Under Fed. R. of Civil P. 52(b) & 59" [39],

IT IS ORDERED, for the reasons set forth above, that said motion be, and hereby is, DENIED.

                                                 s/ Sean J. McLaughlin
                                                 Sean J. McLaughlin
                                                 United States District Judge

cm:    All parties of record.
         U.S. Magistrate Judge Susan Paradise Baxter