**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GEORGE M. ROWANN, )<br>        Petitioner, )<br>                       )<br>     v.                      )<br>DISTRICT OF ERIE, *et al.*, )<br>        Respondents. ) | Civil Action No. 09-78 Erie |

**MEMORANDUM ORDER**

      On March 22, 2010, this Court entered a Memorandum Order [38] dismissing the instant petition for habeas corpus relief on the grounds that it was untimely according to the relevant provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), set forth at 28 U.S.C. § 2244(d)(1). In particular, I found that: (i) Rowann's petition should be construed as a petition for relief under 28 U.S.C. § 2254 notwithstanding his invocation of § 2241; (ii) the petition was not filed within the one-year period following the date on which his state court conviction became final (even allowing for any properly filed PCRA motions which might have tolled that period under § 2244(d)(2)); (iii) none of the exceptions set forth in § 2244(d)(1)(B), (C) or (D) applied; and (iv) there were no grounds to apply equitable tolling. Giving Rowann the benefit of a liberal view of the record, I concluded that his deadline for filing a timely federal habeas petition under 28 U.S.C. § 2254 expired no later than May 8, 1998, some eleven (11) years prior to the commencement of this action.

      Because Rowann's habeas claim related largely to the alleged illegality of his state sentence, and because Rowann had never received copies of the transcripts from his sentencing proceeding, I personally reviewed those transcripts prior to issuing my March 22, 2010 order of dismissal. As was noted in my Memorandum Order, I found nothing in the sentencing transcripts that provided grounds for a different conclusion

relative to the untimeliness of Rowann's habeas petition.  Specifically, I found that, even without the benefit of the transcripts, Rowann was aware of the central basis of his habeas claim as it pertained to the alleged illegality of his sentence, and the lack of those transcripts therefore did not toll his time for filing the instant habeas petition.  (*See* Mem. Order dated 3/22/10 [38] at pp. 10-11.)  Nevertheless, out of an abundance of caution, the Court provided Rowann a copy of those transcripts.  (*See id.* at p. 11 n. 5.)

Rowann has most recently challenged my March 22, 2010 ruling[1] in a document styled "Motion Acquiring Relief From Final Judgment [sic] Imposed on a Petition For Writ of Habeas Corpus on Grounds Pursuant to the Federal Rules of Civil Procedure - 60(B)(1)(2) and (3), Attest With Newly Discovered Evidence Exhibit Showing Cause" [40].  The "newly discovered evidence" to which Petitioner refers is apparently the transcripts of his 1991 sentencing proceedings.  However, nothing in Rowann's most recent motion establishes that his theory has changed relative to the alleged illegality of his state sentence, nor has Rowann explained why, in the absence of his sentencing transcripts, he could not have filed a timely habeas petition.  Accordingly, I find no basis to amend my previous conclusion that Rowann's habeas petition is barred by the limitations period set forth in 28 U.S.C. § 2241(d).

Aside from his assertion that the existence of "newly discovered evidence" should excuse the untimeliness of his habeas petition, Rowann also purports to allege circumstances involving inadvertence and misconduct on the part of the District Attorney's Office as well as the Magistrate Judge.  Having reviewed Rowann's motion, I find no grounds upon which to order relief under Fed. R. Civ. P. 60(b), nor do I find any circumstances present that would justify application of the doctrine of equitable tolling.  Accordingly, the following order is entered:

---

[1] Rowann previously filed a "Post Judgement [sic] Motion to Amend and Make Additional Findings of Judgement [sic] Notwithstanding the Verdict Under Fed. R. of Civ. P. 52(b) and 59" [39] on March 29, 2010.

AND NOW, *to wit*, this 9th day of April, 2010, upon consideration of the pending "Motion Acquiring Relief From Final Judgment [sic] Imposed on a Petition For Writ of Habeas Corpus on Grounds Pursuant to the Federal Rules of Civil Procedure - 60(B)(1)(2) and (3), Attest With Newly Discovered Evidence Exhibit Showing Cause" [40],

IT IS ORDERED, based upon the foregoing reasons, that said motion be, and hereby is, DENIED.

                                                          s/    Sean J. McLaughlin
                                                               SEAN J. McLAUGHLIN
                                                               United States District Judge

cm:    All parties of record.
        U.S. Magistrate Judge Baxter